IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALVINO MENDOZA JR. | § | |
| v. | § | CIVIL ACTION NO. 6:16cv394 |
| MEDICAL DEPARTMENT OF UNIT, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Alvino Mendoza, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of her constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Mendoza complained that on March 22, 2016, he was seen by the unit doctor because of a swollen testicle. He was sent to the local hospital for a sonogram, which showed an infection. The hospital doctor ordered three different prescriptions and the nurse told him to take the medications as ordered.

Once he arrived back on the unit, however, the head nurse refused Mendoza two of the three medications he was ordered. In a copy of an unprocessed Step One grievance attached to the complaint, Mendoza stated that the nurse told him he could have the antibiotic but not the other two medications. Mendoza stated that the grievance procedure was still in process at the time he filed his lawsuit.

1

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed for failure to exhaust administrative remedies. The Magistrate Judge determined that pre-filing exhaustion is mandatory and district courts lack discretion to excuse a prisoner's failure to exhaust administrative remedies prior to filing the lawsuit. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Where the failure to exhaust is clear on the face of the complaint, the district court may dismiss the lawsuit without requiring an answer from the Defendants. *Dillon v. Rogers*, 596 F.3d 260, 272 n.3 (5th Cir. 2010).

The Magistrate Judge observed that Mendoza affirmatively stated that he had not completed the exhaustion process at the time he filed the lawsuit. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (both steps of the TDCJ grievance process must be completed to exhaust admnistrative remedies). Thus, the Magistrate Judge determined that Mendoza's lawsuit should be dismissed without prejudice.

In response to the Magistrate Judge's Report, Mendoza filed a "supplement to complaint" (docket no. 9) which will be construed in the interest of justice as objections to the Report. In these objections, Mendoza states that he has now completed the exhaustion process, attaching copies of his Step One and Step Two grievances. The Step Two grievance response is dated May 27, 2016, which is over a month after the lawsuit was signed.

## III. Discussion

The Fifth Circuit has held as follows:

> [D]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). The record in this case shows and Mendoza's objections acknowledge that he did not complete the exhaustion process prior to filing his lawsuit. While he may have completed the exhaustion process after filing the lawsuit, the Fifth

Circuit stated that this is irrelevant; the case must be dismissed if available administrative remedies were not exhausted prior to filing the lawsuit. The Magistrate Judge properly recommended that the lawsuit be dismissed without prejudice, and Mendoza's objections are without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **2** day of **June, 2017.**

_____
Ron Clark, United States District Judge